IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Martha L. Thompson, | ) | C/A No.: 0:13-1889-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Rock Hill School District III and Robert Beck, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment discrimination case, Martha L. Thompson ("Plaintiff"), proceeding pro se and in forma pauperis, sues her former employer, Rock Hill School District III ("District") and her direct supervisor, Robert Beck ("Mr. Beck") (collectively "Defendants"). Plaintiff alleges discrimination on the basis of age, sex, and race. [Entry #1 at 5]. The undersigned has construed Plaintiff's claims as brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). This matter comes before the court on Plaintiff's motion to quash subpoenas [Entry #32] and motion to amend the complaint [Entry #40]. The motions having been briefed [Entry #43], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The court dispenses with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

I.    Motion to Quash

Plaintiff's one-paragraph motion seeks to quash subpoenas for medical records that Defendants apparently issued to Dr. James Lee and Julius Skip Meyer. [Entry #32]. Because Plaintiff's motion does not provide a copy of the subpoenas at issue, the undersigned is unable to evaluate whether the content they seek is proper. For this reason, the motion to quash is denied.

The court notes, however, that to the extent that Plaintiff has sought "compensation for emotional distress" in her complaint [Entry#1 at 6], she has placed her emotional/psychological well-being at issue. Therefore, medical records related to Plaintiff's emotional/psychological health prior to and after the events giving rise to her lawsuit would normally be relevant and discoverable to assess the validity and extent of her claimed damages.

II.    Motion to Amend Complaint

In her motion, Plaintiff seeks to amend her complaint to add Naomi Cauthen and Cynthia Hunt as defendants and to change her request to trial by jury.

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The courts have interpreted Rule 15(a) in accord with that spirit. *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1354 (4th Cir. 1979); *Frankel v. Kurtz*, 239 F. Supp. 713, 716 (D.S.C. 1965). A motion to amend should be denied only

when it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001).

An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See e.g., United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). A plaintiff fails to state a viable claim pursuant to Fed. R. Civ. P. 12(b)(6) when the complaint does not contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendants oppose Plaintiff's motion to amend arguing that (1) it violates the Court's scheduling order and (2) it is futile as it seeks to assert nonviable discrimination claims against individual defendants that, even if viable, would be barred by the applicable statute of limitations.

The court's scheduling order provides that motions to join other parties and amend the pleadings shall be filed no later than January 2, 2014, and that discovery be completed no later than May 1, 2014. [Entry #29]. Plaintiff's motion to amend the complaint and join additional parties as defendants was filed untimely, on June 11, 2014, five months after the deadline. Because amendment of the complaint would prejudice the proposed individual defendants who would not be able to conduct discovery on the Plaintiff's claims against them because the discovery deadline has passed, the court denies the motion to amend.

Independently, even if Plaintiff had timely filed her motion to amend, the court would deny the motion as futile. A review of the record in this case reveals it to be brought pursuant to Title VII and the ADEA. Plaintiff's motion to amend merely recites the names of two individuals, but does not contain any factual allegations or legal bases for recovery against them, and does not indicate that Plaintiff has filed a timely charge of discrimination against either of them. Moreover, Title VII and ADEA claims are not viable against individual defendants as a matter of law. *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177 (4th Cir. 1998) (holding that supervisors are not liable in their individual capacities under Title VII); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-511 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer."). The court finds that Plaintiff's proposed amendment to add Cauthen and Hunt to the complaint is futile because Title VII and ADEA claims against individual defendants are not viable as a matter of law. Therefore, the court also denies Plaintiff's motion to amend the complaint on the basis of futility. To the extent that Plaintiff's action survives summary judgment, the court notes her request for a jury trial.

III.    Conclusion

For the foregoing reasons, the court denies Plaintiff's motion to quash [Entry #32] and denies Plaintiff's motion amend her complaint [Entry #40].

IT IS SO ORDERED.

*Shiva V. Hodges*

August 27, 2014                                    Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge