IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Martha L. Thompson,<br><br>    Plaintiff,<br><br>vs.<br><br>Rock Hill School District III; Robert Beck,<br><br>    Defendants. | C/A No. 0:13-cv-01889-JFA<br><br>**ORDER** |

In this employment discrimination case, Martha L. Thompson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, sues her former employer, Rock Hill School District III ("District") and her direct supervisor, Robert Beck ("Mr. Beck") (collectively "Defendants"). Plaintiff alleges discrimination on the basis of age, sex, and race. (ECF No. 1, p. 5). The undersigned construes Plaintiff's claims as brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"), which forbids an employer from taking an adverse employment action against an employee "because of" the employee's age. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 283 (4th Cir. 2004) (*en banc*).

This matter comes before the court on Plaintiff's Objections (ECF No. 48) to the Report and Recommendation ("Report") issued by the Magistrate Judge on August 27, 2014. (ECF No. 45). The Magistrate Judge recommended that this Court grant Defendants' Motion for Summary Judgment (ECF No. 36). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporate those without a full recitation. (ECF No. 45).

**I.    STANDARD OF REVIEW**

    **A.    Report and Recommendation**

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

### B.  Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## II.  DISCUSSION

The petitioner has made a number of specific objections to the Report. The court addresses each of the specific objections below but finds that none of the petitioner's objections overcomes

the failure to show a *prima facie* case of discrimination or the failure to show that the reasons for termination are pretextual.

    A.    ***Prima Facie* Case of Discrimination**

        i.    **Discrimination based on Race and Sex**

In her Report, the Magistrate Judge opines that Defendants' Motion for Summary Judgment should be granted because Plaintiff has failed to show a *prima facie* case of race and sex discrimination. To state a *prima facie* case of race and sex discrimination, Plaintiff must demonstrate: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by a similarly-qualified applicant outside of the protected class. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004).

The Magistrate Judge held that Plaintiff met two out of four prongs of the *prima facie* case—namely (1) that Plaintiff is a member of the protected class, (2) that Plaintiff suffered an adverse employment action. (ECF No. 45, p. 8). However, the Magistrate Judge held that Plaintiff failed to establish that she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment act, and that her position was filled by a similarly qualified applicant outside the protected class.

        *1.    Employer's Legitimate Expectations*

On its motion for summary judgment, the District alleged that Plaintiff was not performing her job duties as a school bus aide at a level that met the District's legitimate expectations at the time of her termination. (ECF No. 36-2, Cauthen Aff. ¶¶ 4, 5, 7; ECF No. 36-8 (termination letter)). The District argued that Plaintiff failed to perform her job duties, which included, *inter alia*, (1) assisting school bus drivers in the transportation of all students riders, including

3

physically and/or emotionally handicapped passengers, (2) assisting the driver in maintaining proper student control on the bus at all times, (3) being physically and emotionally able to cope with situations and problems encountered when transporting passengers in ambulatory appliances, restraint systems, and with difficult behavior, and (4) performing other duties as assigned. (ECF No. 36-5 (District's Bus Aide Job Description)).

The Magistrate Judge found that the facts proved that Plaintiff refused to perform her job duties on driver Elaine Russell's bus. (ECF No. 36-3, Pl.'s Depo. 47–48). Plaintiff boarded Ms. Russell's bus, but refused to assist a student with a disability on the bus. *Id.* at 47–49. Plaintiff exited the school bus and informed Mr. Beck, the school bus dispatcher, that she was giving up and would not perform her duties. *Id.* at 49. On the next day after this incident, Plaintiff was terminated for insubordination.

Based upon the evidence presented, the Magistrate Judge found that Plaintiff was not meeting her employer's expectations. As such, the Magistrate Judge's Report recommends that this Court grant Defendants' Motion for Summary Judgment based on Plaintiff's failure to establish a *prima facie* case of race and sex discrimination.

Plaintiff first objects to the Magistrate Judge's finding that she was not meeting her employer's legitimate expectations at the time she was terminated. Plaintiff focuses much of her argument on the issue that her employer's expectations were misrepresented to her because she was never trained on nor informed that she would be responsible for restraining, "wrestling, and manhandling unruly out of control emotional[ly] disturbed students." Further, Plaintiff complains that she should not have to meet the District's "illegitimate expectations" because she was in fear

4

for her "personal safety" and that Defendants failed to provide a safe and secure workplace as required by the Occupational Safety and Health Administration ("OSHA").[1]

The court reviewed Plaintiff's objection carefully and it finds no basis for disturbing the Magistrate Judge's recommended disposition. The District hired Plaintiff as a bus aide, but Plaintiff admitted in her deposition that she exited the bus and informed her supervisor that she would not get back on the bus. The next day, the District terminated her for insubordination. Plaintiff fervently argues that the District's expectations were illegitimate; however, at a minimum, the District legitimately expected Plaintiff to be present on the bus and assist the driver in the transportation of students. Plaintiff was not present on the bus, and therefore, did not assist the driver in the transportation of students.

Accordingly, Plaintiff's objection is overruled and this Court concurs with the Magistrate Judge's assessment and agrees that the Plaintiff's admitted refusal to stay on the bus and assist the driver in the transportation of students is sufficient to show that she was not meeting her employer's legitimate expectations when she was terminated.

### 2. *Position Filled by a Similarly Qualified Applicant Outside the Protected Class*

The Plaintiff then objects to the Magistrate Judge's finding that her position was filled by a similarly qualified applicant outside the protected class. Plaintiff acknowledged that Ms. Takeemia Jamerson filled her position and that Ms. Jamerson is an individual in her protected class. (ECF No. 48, p. 4). However, the Plaintiff argues that the reasons for hiring Ms. Jamerson were pretextual in that Ms. Jamerson was only hired to cover up the alleged discrimination and only after the District became aware of Plaintiff's Title VII claims.

---

[1] Any alleged violation of OSHA standards is not properly before the court. OSHA gives employees the right to file a complaint and request an OSHA inspection of their workplace if they believe there is a serious hazard or their employer is not following OSHA standards. Further, OSHA allows employees to file a "discrimination complaint" if your employer has retaliated against you for exercising your rights as a worker. Such "discrimination complaint" must be filed within 30 days of the alleged reprisal. All information on OSHA was gathered from the following website: https://www.osha.gov/as/opa/worker/complain.html.

In her Report, the Magistrate Judge noted that the District hired Plaintiff's replacement on February 4, 2013, some seven weeks prior to Plaintiff's filing of her Equal Employment Opportunity Commission charge. Further, the Magistrate Judge explained that Plaintiff provided no evidence that the District was aware in February 2013 that she would be claiming discrimination from her nine-day employment stint four months earlier; therefore, such hiring was not done to cover up any alleged discrimination.

Based upon the evidence presented, the Magistrate Judge found that an applicant within the protected class filled Plaintiff's position; therefore, there is no question of material fact as to this prong. As such, the Magistrate Judge's Report recommends that this Court grant Defendants' Motion for Summary Judgment based on Plaintiff's failure to establish a *prima facie* case of race and sex discrimination.

The court reviewed Plaintiff's objection carefully and it finds no basis for disturbing the Magistrate Judge's recommended disposition. Plaintiff acknowledges that Ms. Jamerson is within her protected class; therefore, she cannot establish this prong of her *prima facie* case. Accordingly, Plaintiff's objection is overruled and this Court concurs with the Magistrate Judge's assessment and agrees that the Plaintiff failed to establish that her position remained open or was filled by a similarly-qualified applicant outside of the protected class.

### ii. Discrimination based on Age Discrimination

To state a *prima facie* case of age discrimination, Plaintiff must demonstrate: (1) she was a member of the protected class—that is, older than 40; (2) she was discharged; (3) she was qualified for the job and met her employer's legitimate expectations; and (4) her position remained open or was filled by a similarly-qualified individual who was substantially younger. *See Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 513 (4th Cir. 2006).

In short, the Magistrate Judge found that the Plaintiff failed to establish a *prima facie* case of age discrimination for the same reason stated above: the failure to show she met her employer's legitimate expectations. Further, the Magistrate Judge found that Plaintiff failed to establish that her position remained open or was filled by a similarly-qualified individual who was substantially younger. Particularly, Plaintiff failed to offer any evidence to suggest that Ms. Jamerson was substantially younger.

Based upon the evidence presented, the Magistrate Judge found that Plaintiff did not meet her employer's legitimate expectations and was not replaced by a person who was substantially younger. As such, the Magistrate Judge's Report recommends that this Court grant Defendants' Motion for Summary Judgment based on Plaintiff's failure to establish a *prima facie* case of age discrimination. It appears that the Plaintiff does not make a specific objection to the Magistrate Judge's finding that she failed to establish a *prima facie* case based on age discrimination. The court finds no basis for disturbing the Magistrate Judge's recommended disposition. Accordingly, this Court concurs with the Magistrate Judge's assessment and agrees that the Plaintiff failed to establish a *prima facie* case of age discrimination.

### B.     Burden-Shifting and Pretext

According to the Magistrate Judge, even assuming that Plaintiff has established a *prima facie* case, the Defendants' Motion for Summary Judgment should be granted because the District has offered legitimate non-discriminatory reasons for terminating Plaintiff's employment, and Plaintiff is unable to show that the District's reasons are pretextual. Again, this Court agrees with the Magistrate Judge's factual and legal conclusions and agrees that the Motion for Summary Judgment should be granted.

Plaintiff objects to the Magistrate Judge's determination that the reasons for terminating Plaintiff's employment are both legitimate and non-discriminatory. Specifically, she argues that

the reasons for hiring Ms. Jamerson were pretextual in that Ms. Jamerson was only hired to cover up the alleged discrimination and only after the District became aware of Plaintiff's Title VII claims. However, it was established that the District hired Plaintiff's replacement on February 4, 2013, some seven weeks prior to Plaintiff's filing of her Equal Employment Opportunity Commission charge. Further, Plaintiff provided no evidence that the District was aware in February 2013 that she would be claiming discrimination from her nine-day employment stint four months earlier. Therefore, such hiring was not done to cover up any alleged discrimination.

Plaintiff argues further that the District attempted to create an adverse working environment for Plaintiff. Plaintiff maintains that the District set her up for failure and for termination by failing to establish a formal chain of command, failing to provide clear instructions, and failing to provide any training. Plaintiff argued these same issues before the Magistrate Judge on Defendants' Motion for Summary Judgment. The Magistrate Judge held that "even accepting as true all of Plaintiff's foregoing allegations, it is undisputed that Plaintiff refused to perform the bus aide duties . . . as directed." Finally, the Magistrate Judge held that "Plaintiff presented no evidence that the District's decision to terminate her was other than because it believed she refused to accept her assignment as a bus aid on Ms. Russell's bus."

Although Plaintiff believes that the facts show that the District had discriminatory and illegitimate reasons for her termination, she has been unable to meet her burden and show that the reasons given for terminating Plaintiff's employment were false and pretextual. As such, this Court adopts the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be granted.

IV.    **Conclusion**

For the reasons discussed above, this court grants Defendants' Motion for Summary Judgment. (ECF No. 36).

IT IS SO ORDERED.

October 22, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

9